1  Ali M.M. Mojdehi, State Bar No. 123846
2  Christine E. Baur, State Bar No. 207811
**BAKER & McKENZIE LLP**
3  12544 High Bluff Drive, Third Floor
San Diego, CA  92130-3051
4  Telephone:  +1 858 523 6200
Facsimile:   +1 858 259 8290

5  Counsel for Plaintiff John P. Brincko,
Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>NATIONAL CONSUMER MORTGAGE,<br>LLC, a California limited liability company,<br><br>Debtor. | Case No.  SA 06-10429 TA<br><br>Chapter 11<br><br>Adv. Pro. No. _____ |
| JOHN P. BRINCKO, CHAPTER 11 TRUSTEE<br>OF DEBTOR NATIONAL CONSUMER<br>MORTGAGE, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>GARVEY MEDIA GROUP; STEVE<br>GARVEY; THE NATIONAL<br>ORGANIZATION OF PROFESSIONAL<br>ATHLETES, INC.,<br><br>Defendants. | **COMPLAINT FOR AVOIDANCE AND<br>RECOVERY OF FRAUDULENT AND<br>PREFERENTIAL TRANSFERS** |

Plaintiff John P. Brincko, the chapter 11 trustee (the "Trustee") of debtor National Consumer Mortgage, LLC (the "Debtor"), by and through his counsel, as and for his Complaint against defendants Garvey Media Group, Steve Garvey (collectively the "Garvey Defendants"), and the National Organization of Professional Athletes, Inc. ("NOPA"), respectfully alleges on behalf of the estate of the Debtor (the "Estate") as follows:

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA  92130
+1 858 523 6200

SDODMS1/687743.3

CASE NO. SA 06-10429 TA
COMPLAINT

## JURISDICTION AND VENUE

1. The District Court has subject matter jurisdiction over this proceeding under 28 U.S.C. § 1334 and Title 11 of the United States Code (the "Bankruptcy Code"). This Court exercises authority over this proceeding under 28 U.S.C. § 157. In particular, this proceeding arises in the chapter 11 bankruptcy case of *In re National Consumer Mortgage, LLC*, Bankruptcy Case No. SA 06-10429 TA (the "Chapter 11 Case") which was filed with this Court on April 3, 2006 (the "Petition Date"). The claims for relief alleged by the Trustee on behalf of the Estate arise, in part, under 11 U.S.C. §§ 544, 547, 548, and 550, and California Civil Code §§ 3439.01, *et seq.*

2. This adversary proceeding is a core proceeding for which the Court is authorized to hear and determine all matters in accordance with, *inter alia*, 28 U.S.C. § 157(b)(2)(A), (F), (H) and (O), subject to review under 28 U.S.C. § 158.

3. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1409 because the Debtor's Chapter 11 Case is pending in the United States Bankruptcy Court for the Central District of California, Santa Ana Division.

## PARTIES

4. Plaintiff is the Chapter 11 Trustee and was appointed by the United States Trustee for the Central District of California, pursuant to Section 1104 of the Bankruptcy Code, to represent the interests of the Estate in connection with the above-referenced Chapter 11 Case. The Trustee has standing and all due authority to bring the claims asserted herein on behalf of the Estate by, *inter alia*, operation of 11 U.S.C. §§ 544, 547, 548, 550, 704(a)(4), and 1106(a)(1) and the order entered by this Court on May 12, 2006 appointing the Trustee.

5. Upon information and belief, defendant Garvey Media Group is a business entity doing business in California.

6. Upon information and belief, defendant Steve Garvey is an individual residing at 74720 Old Prospector Trail, Palm Desert, California 92260.

7. Upon information and belief, NOPA is a Florida corporation doing business in California.

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/687743.3

2

CASE NO. SA 06-10429 TA
COMPLAINT

## **ALLEGATIONS**

8.     The Debtor is a California limited liability company that was, on the Petition Date, comprised of two members: Sandra Favata owned a fifty-seven percent (57%) interest in the Debtor, and Dorothy Morisette owned a forty-three percent (43%) interest in the Debtor.  The Debtor was founded in 2001 and began operating a mortgage brokerage business.  Around the same time, Salvatore "Sam" Favata, the husband and son of Sandra Favata and Dorothy Morisette respectively, and a convicted felon, with the assistance of others, began soliciting money from private investors as investments which were purportedly to be used by the Debtor to fund residential mortgage loans secured by real property (the "Investments").

9.     Sam Favata and others provided offering statements and other marketing materials (the "Materials") to investors (the "Investors") in efforts to obtain the Investments.  The Materials provided that the Investors would be paid regular "interest payments" equivalent to a gross rate of return of between twelve percent (12%) and thirty-five percent (35%) of their principal investment, plus the return of the principal at the end of the investment period.  The Materials also provided that the Investments would be used by the Debtor to fund residential mortgage loans and that the Investments would be secured by real estate and guaranteed by the Debtor.  Over $36 million was raised from the Investors.

10.     The Investment funds, however, were not used to fund residential mortgage loans as promised.  Instead, the Investments were used to operate a classic Ponzi scheme.  Investors were paid their agreed-upon periodic "interest payments" using the capital contributed by later Investors from a commingled account.  The Investments were not secured by any real estate as promised.  No mortgages were actually funded with the Investment funds and no deeds of trust ever existed as security for the Investments.  Instead, Sam Favata and others used the Investment funds as their own personal "piggy bank," intentionally misappropriating the money for illegitimate purposes, including to finance their personal lavish lifestyles and for purposes detrimental to the Debtor and its creditors.

11.     Like every Ponzi scheme, the Debtor could not sustain the monthly "interest payments" to Investors concurrent with the massive looting of the company, and ultimately collapsed.  The Debtor and its insiders became subject to investigations by the Securities and

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA  92130
+1 858 523 6200

SDODMS1/687743.3

3

CASE NO. SA 06-10429 TA
COMPLAINT

Exchange Commission and the United States Attorney.  The Debtor filed its Chapter 11 Case and the Trustee was appointed.  Sam Favata was criminally prosecuted for his involvement in the Ponzi scheme, admitted to the fraud, and pled guilty to criminal conduct.  Robert Bryant, Sam Favata's accomplice, has pled guilty to criminal conduct in connection with the Investments and has been sentenced.  In the plea agreement executed by Sam Favata in his criminal case, <u>United States v. Salvatore Favata</u>, SA CR06-0208, he made the following admissions regarding his fraudulent conduct:

(a) He used NCM to operate a fraudulent scheme that bilked hundreds of investors of sums totaling in excess of $20 million;

(b) He falsely represented that NCM directly loaned money at high rates of return to borrowers who required short term credit to fund real estate developments, construction projects, and other ventures;

(c) He falsely told investors that they could purchase the notes that secured the loans and thus acquire the right to collect the interest payments from the borrowers;

(d) He falsely assured investors that their principal would be returned once the borrower paid off the loan from NCM;

(e) At the time he made these representations, he knew the loans by NCM did not exist;

(f) He provided false and fraudulent assurances to his investors concerning the fraudulent scheme;

(g) He falsely represented that real property secured each investment he offered for sale through NCM;

(h) He falsely told investors that he had substantial experience managing investments for other individuals;

(i) Rather than investing the money, he diverted the funds to his own personal benefit; and

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA  92130
+1 858 523 6200

SDODMS1/687743.3

4

CASE NO. SA 06-10429 TA
COMPLAINT

      (j)    In order to avoid detection of the fraudulent scheme, he used funds from new investors to feign purported interest payments to the original investors, thereby inducing the investors to reinvest their principal rather than withdrawing funds.

12. Upon information and belief, Sam Favata was sentenced to and is serving a five-year prison term in a federal penitentiary.

13. Upon information and belief, since the Debtor's inception, the Debtor transferred at least $137,000.00 to or for the benefit of the Garvey Defendants. The funds were transferred during the course of and in furtherance of the fraudulent Ponzi scheme. As such, the transfers to the Garvey Defendants constitute fraudulent transfers that are avoidable and recoverable by the Trustee. Of this amount, the Debtor transferred at least $28,000.00 to or for the benefit of the Garvey Defendants within the ninety days prior to the Petition Date, which transfers constitute preferential transfers that are avoidable and recoverable by the Trustee.

14. Upon information and belief, since the Debtor's inception, the Debtor transferred at least $7,500.00 to NOPA who worked in connection with the Garvey Defendants. Upon information and belief, the $7,500.00 was transferred for the benefit of the Garvey Defendants. The funds were transferred during the course of and in furtherance of the fraudulent Ponzi scheme. As such, the transfers to NOPA constitute fraudulent transfers that are avoidable and recoverable by the Trustee.

**FIRST CLAIM FOR RELIEF**
**(Against the Garvey Defendants)**
**Avoidance of Fraudulent Transfers under 11 U.S.C. §§ 544 and 548(a)(1)(A),**
**and California Civil Code §§ 3439, *et seq.***

15. The Trustee hereby incorporates by reference the allegations of paragraphs 1 through 14.

16. The Debtor transferred funds or other interests in property in the amount of at least $137,000.00 to or for the benefit of the Garvey Defendants (the "Garvey Fraudulent Transfers"). The funds transferred were funds to which the Debtor is legally entitled and none of these funds have been repaid to the Debtor.

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA  92130
+1 858 523 6200

SDODMS1/687743.3

CASE NO. SA 06-10429 TA
COMPLAINT

Case 8:08-ap-01106-TA    Doc 1    Filed 04/01/08    Entered 04/01/08 17:56:56    Desc
Main Document    Page 6 of 16

17. The Garvey Fraudulent Transfers were made during the course of and in furtherance of a fraudulent Ponzi scheme and with the actual intent to hinder, delay, and/or defraud the Debtor's creditors.

18. The Garvey Fraudulent Transfers constitute fraudulent transfers under 11 U.S.C. §§ 544 and 548(a)(1)(A), and California Civil Code §§ 3439, *et seq.*, and therefore are avoidable by the Trustee.

19. At the time the Garvey Fraudulent Transfers were made, a creditor existed who held an unsecured claim allowable under 11 U.S.C. § 502, including, but not limited to, Julian and Patricia Nava.

## SECOND CLAIM FOR RELIEF
### (Against the Garvey Defendants)
**Avoidance of Fraudulent Transfers under 11 U.S.C. §§ 544 and 548(a)(1)(B), and California Civil Code §§ 3439, *et seq.***

20. The Trustee hereby incorporates by reference the allegations of paragraphs 1 through 19.

21. The Debtor received less than reasonably equivalent value in exchange for the Garvey Fraudulent Transfers.

22. The Debtor was insolvent on the date that the Garvey Fraudulent Transfers were made or became insolvent as a result of the Garvey Fraudulent Transfers.

23. At the time of the Garvey Fraudulent Transfers, the Debtor was engaged in business or transactions, or was about to engage in business or transactions, for which any property remaining with the Debtor was an unreasonably small capital.

24. The Debtor intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

25. The Garvey Fraudulent Transfers constitute fraudulent transfers under 11 U.S.C. §§ 544 and 548(a)(1)(B), and California Civil Code §§ 3439, *et seq.*, and therefore are avoidable by the Trustee.

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA  92130
+1 858 523 6200

SDODMS1/687743.3

6

CASE NO. SA 06-10429 TA
COMPLAINT

26. At the time the Garvey Fraudulent Transfers were made, a creditor existed who held an unsecured claim allowable under 11 U.S.C. § 502, including, but not limited to, Julian and Patricia Nava.

### THIRD CLAIM FOR RELIEF
**(Against the Garvey Defendants)**
**Avoidance of Preferential Transfers under 11 U.S.C. § 547**

27. The Trustee hereby incorporates by reference the allegations of paragraphs 1 through 26.

28. The Debtor transferred funds or other interests in property in the amount of at least $28,000.00 to or for the benefit of the Garvey Defendants within the ninety days prior to the Petition Date (the "Garvey Preferential Transfers").

29. Each of the Garvey Preferential Transfers was made for or on account of an antecedent debt owed by the Debtor to the Garvey Defendants before each of the Garvey Preferential Transfers was made.

30. Each of the Garvey Preferential Transfers was made while the Debtor was insolvent.

31. Each of the Garvey Preferential Transfers enabled the Garvey Defendants to receive more than they would have received if the Debtor's bankruptcy case was filed under chapter 7 of the Bankruptcy Code, the transfers had not been made, and the Garvey Defendants received payment of the debt to the extent provided for under the Bankruptcy Code.

### FOURTH CLAIM FOR RELIEF
**(Against the Garvey Defendants)**
**Recovery of Avoided Transfers or Value Thereof Pursuant to 11 U.S.C. § 550**

32. The Trustee hereby incorporates by reference the allegations of paragraphs 1 through 31.

33. Upon avoidance of the Garvey Fraudulent Transfers under the First and/or Second Claims for Relief alleged herein, the Trustee is entitled to recover the funds transferred or the value of those Garvey Fraudulent Transfers from the Garvey Defendants as initial, immediate or mediate transferees, or entities or persons for whose benefit the Garvey Fraudulent Transfers were made pursuant to 11 U.S.C. § 550.

7

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA  92130
+1 858 523 6200

SDODMS1/687743.3

CASE NO. SA 06-10429 TA
COMPLAINT

34. Upon avoidance of the Garvey Preferential Transfers under the Third Claim for Relief alleged herein, the Trustee is entitled to recover the funds transferred or the value of those Garvey Preferential Transfers from the Garvey Defendants as initial, immediate or mediate transferees, or as entities or persons for whose benefit the Garvey Preferential Transfers were made pursuant to 11 U.S.C. § 550.

**FIFTH CLAIM FOR RELIEF**
**(Against NOPA)**
**Avoidance of Fraudulent Transfers under 11 U.S.C. §§ 544 and 548(a)(1)(A),
and California Civil Code §§ 3439, *et seq*.**

35. The Trustee hereby incorporates by reference the allegations of paragraphs 1 through 34.

36. The Debtor transferred funds or other interests in property in the amount of at least $7,500.00 to NOPA (the "NOPA Fraudulent Transfers"). Upon information and belief, the $7,500.00 was transferred for the benefit of the Garvey Defendants. The funds transferred were funds to which the Debtor is legally entitled and none of these funds have been repaid to the Debtor.

37. The NOPA Fraudulent Transfers were made during the course of and in furtherance of a fraudulent Ponzi scheme and with the actual intent to hinder, delay, and/or defraud the Debtor's creditors.

38. The NOPA Fraudulent Transfers constitute fraudulent transfers under 11 U.S.C. §§ 544 and 548(a)(1)(A), and California Civil Code §§ 3439, *et seq.*, and therefore are avoidable by the Trustee.

39. At the time the NOPA Fraudulent Transfers were made, a creditor existed who held an unsecured claim allowable under 11 U.S.C. § 502, including, but not limited to, Julian and Patricia Nava.

/ / /
/ / /
/ / /
/ / /
/ / /

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/687743.3

8

CASE NO. SA 06-10429 TA
COMPLAINT

## SIXTH CLAIM FOR RELIEF
**(Against NOPA)**
**Avoidance of Fraudulent Transfers under 11 U.S.C. §§ 544 and 548(a)(1)(B),
and California Civil Code §§ 3439, *et seq.***

40. The Trustee hereby incorporates by reference the allegations of paragraphs 1 through 39.

41. The Debtor received less than reasonably equivalent value in exchange for the NOPA Fraudulent Transfers.

42. The Debtor was insolvent on the date that the NOPA Fraudulent Transfers were made or became insolvent as a result of the NOPA Fraudulent Transfers.

43. At the time of the NOPA Fraudulent Transfers, the Debtor was engaged in business or transactions, or was about to engage in business or transactions, for which any property remaining with the Debtor was an unreasonably small capital.

44. The Debtor intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

45. The NOPA Fraudulent Transfers constitute fraudulent transfers under 11 U.S.C. §§ 544 and 548(a)(1)(B), and California Civil Code §§ 3439, *et seq.*, and therefore are avoidable by the Trustee.

46. At the time the NOPA Fraudulent Transfers were made, a creditor existed who held an unsecured claim allowable under 11 U.S.C. § 502, including, but not limited to, Julian and Patricia Nava.

## SEVENTH CLAIM FOR RELIEF
**(Against NOPA)**
**Recovery of Avoided Transfers or Value Thereof Pursuant to 11 U.S.C. § 550**

47. The Trustee hereby incorporates by reference the allegations of paragraphs 1 through 46.

48. Upon avoidance of the NOPA Fraudulent Transfers under the Fifth and/or Sixth Claims for Relief alleged herein, the Trustee is entitled to recover the funds transferred or the value of those NOPA Fraudulent Transfers from NOPA as an initial, immediate or mediate transferee, or

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/687743.3

9

CASE NO. SA 06-10429 TA
COMPLAINT

an entity or person for whose benefit the NOPA Fraudulent Transfers were made pursuant to 11 U.S.C. § 550.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays for judgment as follows:

On the First Claim for Relief:

1. For a determination by this Court that the Garvey Fraudulent Transfers were fraudulent transfers within the meaning of 11 U.S.C. §§ 544 and 548(a)(1)(A), and/or California Civil Code §§ 3439, *et seq.*;

2. For a judgment against the Garvey Defendants avoiding the Garvey Fraudulent Transfers in the aggregate amount of at least $137,000.00, together with interest thereon; and

3. For such other and further relief as the Court deems just and proper.

On the Second Claim for Relief:

4. For a determination by this Court that the Garvey Fraudulent Transfers were fraudulent transfers within the meaning of 11 U.S.C. §§ 544 and 548(a)(1)(B), and/or California Civil Code §§ 3439, *et seq.*;

5. For a judgment against the Garvey Defendants avoiding the Garvey Fraudulent Transfers in the aggregate amount of at least $137,000.00, together with interest thereon; and

6. For such other and further relief as the Court deems just and proper.

On the Third Claim for Relief:

7. For a determination by this Court that the Garvey Preferential Transfers were preferential transfers within the meaning of 11 U.S.C. § 547;

8. For a judgment against the Garvey Defendants avoiding the Garvey Preferential Transfers, in the aggregate amount of at least $28,000.00, together with interest thereon, plus any additional amounts according to proof; and

9. For such other and further relief as the Court deems just and proper.

///
///
///

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA  92130
+1 858 523 6200

SDODMS1/687743.3

10

CASE NO. SA 06-10429 TA
COMPLAINT

On the Fourth Claim for Relief:

10. For a judgment granting the Trustee the right to recover from the Garvey Defendants, as initial, immediate or mediate transferees, or as entities or persons for whose benefit the Garvey Fraudulent Transfers were made, the Garvey Fraudulent Transfers avoided or the value of the Garvey Fraudulent Transfers avoided under the First and/or Second Claims for Relief;

11. For a judgment granting the Trustee the right to recover from the Garvey Defendants, as initial, immediate or mediate transferees, or entities or persons for whose benefit the Garvey Preferential Transfers were made, the Garvey Preferential Transfers avoided or the value of the Garvey Preferential Transfers avoided under the Third Claim for Relief; and

12. For such other and further relief as the Court deems just and proper.

On the Fifth Claim for Relief:

13. For a determination by this Court that the NOPA Fraudulent Transfers were fraudulent transfers within the meaning of 11 U.S.C. §§ 544 and 548(a)(1)(A), and/or California Civil Code §§ 3439, *et seq.*;

14. For a judgment against NOPA avoiding the NOPA Fraudulent Transfers in the aggregate amount of at least $7,500.00, together with interest thereon; and

15. For such other and further relief as the Court deems just and proper.

On the Sixth Claim for Relief:

16. For a determination by this Court that the NOPA Fraudulent Transfers were fraudulent transfers within the meaning of 11 U.S.C. §§ 544 and 548(a)(1)(B), and/or California Civil Code §§ 3439, *et seq.*;

17. For a judgment against NOPA avoiding the NOPA Fraudulent Transfers in the aggregate amount of at least $7,500.00, together with interest thereon; and

18. For such other and further relief as the Court deems just and proper.

On the Seventh Claim for Relief:

19. For a judgment granting the Trustee the right to recover from NOPA, as an initial, immediate or mediate transferee, or an entity or person for whose benefit the NOPA Fraudulent

11

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA  92130
+1 858 523 6200

SDODMS1/687743.3

CASE NO. SA 06-10429 TA
COMPLAINT

Transfers were made, the NOPA Fraudulent Transfers avoided or the value of the NOPA Fraudulent Transfers avoided under the Fifth and/or Sixth Claims for Relief; and

20. For such other and further relief as the Court deems just and proper.

As to All Claims for Relief:

The Trustee seeks prejudgment and postjudgment interest, attorneys' fees, costs of suit, and all other amounts allowed by law.

Dated: April 1, 2008   BAKER & McKENZIE LLP


By: /s/ Christine E. Baur
   Christine E. Baur

   Counsel for Plaintiff John P. Brincko,
   Chapter 11 Trustee

12

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/687743.3

CASE NO. SA 06-10429 TA
COMPLAINT

**B104 (FORM 104) (08/07)**

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>John P. Brincko, Chapter 11 Trustee of National Consumer Mortgage, LLC | **DEFENDANTS**<br>Garvey Media Group; Steve Garvey; The National Organization of Professional Athletes, Inc. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Ali M.M. Mojdehi / Christine E. Baur<br>Baker & McKenzie LLP<br>12544 High Bluff Drive, Third Floor<br>San Diego, CA  92130-3051<br>+1 858 523 6200 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Avoidance and Recovery of Fraudulent And Preferential Transfers Pursuant to 11 U.S.C. §§ 544, 547, 548, and 550, and California Civil Code §§ 3439.01, et seq.

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 137,000.00 |
| Other Relief Sought | |

American LegalNet, Inc.
www.Forms*Workflow*.com

**B104 (FORM 104) (08/07), Page 2**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>National Consumer Mortgage, LLC | BANKRUPTCY CASE NO.<br>SA 06-10429 TA | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Santa Ana | NAME OF JUDGE<br>Hon. Theodor C. Albert |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Christine E. Baur | | |
| DATE<br><br>April 1, 2008 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Christine E. Baur | |

### INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

SDODMS1/687794.2

American LegalNet, Inc.
www.Forms*Workflow*.com

| Attorney or Party Name, Address, Telephone and Fax Number, and CA State Bar Number | FOR COURT USE ONLY |
|---|---|
| Ali M.M. Mojdehi, State Bar No. 123846<br>Christine E. Baur, State Bar No. 207811<br>Baker & McKenzie LLP<br>12544 High Bluff Drive, Third Floor<br>San Diego, CA  92130-3051<br>Telephone:    +1 858 523 6200<br>Facsimile:     +1 858 259 8290<br><br>*Attorney for Plaintiff* John P. Brincko, Chapter 11 Trustee of National Consumer Mortgage, LLC | |

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br>National Consumer Mortgage, LLC, a California limited liability company<br><br>                                                                                           Debtor. | CHAPTER 11<br>CASE NUMBER SA 06-10429 TA<br><br>ADVERSARY NUMBER |
|---|---|
| John P. Brincko, Chapter 11 Trustee of National Consumer Mortgage, LLC<br>                                                                                           Plaintiff(s),<br><br>                                            vs.<br>Garvey Media Group; Steve Garvey; The National Organization of Professional Athletes,<br>                                                                                           Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| **Hearing Date:** | **Time:** | **Courtroom:** | **Floor:** |
|---|---|---|---|
| ☐ **255 East Temple Street, Los Angeles** | | ☐ **411 West Fourth Street, Santa Ana** | |
| ☐ **21041 Burbank Boulevard, Woodland Hills** | | ☐ **1415 State Street, Santa Barbara** | |
| ☐ **3420 Twelfth Street, Riverside** | | | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**JON D. CERETTO
Clerk of the Bankruptcy Court**

**By:** _____
**Deputy Clerk**

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California

*Revised December 1998* (COA-SA)

**F 7004-1**

American LegalNet, Inc.
www.Forms*Workflow*.com

Summons and Notice of Status Conference - Page Two (2)

**F 7004-1**

| In re<br>National Consumer Mortgage, LLC, a California limited liability company,<br>Debtor. | CHAPTER 11<br>CASE NUMBER SA 06-10429 TA |
|---|---|

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF _____

1. I am employed in the County of _____, State of California. I am over the age of 18 and not a party to the within action. My business address is as follows:

2. ☐ **Regular Mail Service:** On _____, I served the foregoing Summons and Notice of Status Conference (and any instructions attached thereto), together with the Complaint filed in this proceeding, on the Defendant(s) at the following address(es) by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid in the United States Mail at _____, California, addressed as set forth below.

3. ☐ **Personal Service:** On _____, personal service of the foregoing Summons and Notice of Status Conference (and any instructions attached thereto), together with the Complaint filed in this proceeding, was made on the Defendant(s) at the address(es) set forth below.

4. Defendant(s) and address(es) upon which service was made:

☐ Names and Addresses continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:

Type Name                                                                 Signature
SDODMS1/687796.1

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California

*Revised December 1998* (COA-SA)

**F 7004-1**

American LegalNet, Inc.
www.Forms*Workflow*.com